UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY GOERTZ and
KAREN GOERTZ,

        Plaintiffs,

  v.                                             Case No. 14-C-308

CURLIN MEDICAL INC.,
DJO LLC, DJO INC,
McKINLEY MEDICAL LLC,
MOOG INC, PAT BROE,
THE BROE COMPANIES INC
and DOES, 1 through 100, inclusive,

        Defendants.

## ORDER GRANTING MOTION FOR STAY AND SEVERANCE

On September 29, 2014, Defendants Pat Broe and The Broe Companies, Inc. (together, "the Broe Defendants") moved pursuant to Fed.R.Civ.P. 21 and 42(b) to stay all proceedings against them until final judgment has been entered in this case, and to sever the plaintiffs' claims against the Broe Defendants from their claims against the other defendants. (ECF No. 15.) The Broe Defendants assert a stay and severance is warranted because the plaintiffs have not alleged the Broe Defendants were involved in the distribution of the medical device at issue in this product liability case and the plaintiffs appear to have joined the Broe Defendants only for purposes of collecting any judgment that may be entered against McKinley Medical, LLC, which the plaintiffs have alleged was previously owned by the Broe Defendants. The Broe Defendants assert that under applicable case law:

> Because Plaintiffs' claims against the Broe Defendants for piercing the corporate veil will not become ripe, until final judgment has been entered against McKinley Medical, LLC, and because Plaintiffs will not have standing to assert those claims against the Broe Defendants until judgment has been entered against McKinley Medical, LLC, Plaintiffs' claims against them should be severed from their claims against the other Defendants and stayed pending entry of final judgment against McKinley Medical, LLC.

(ECF No. 15 at 2.) The Broe Defendants also assert they will be prejudiced if the claims against them are not severed and stayed, as they will be forced to incur unnecessary expenses in responding to discovery, attending depositions and court conferences and responding to motions in connection with the plaintiffs' claims against the other defendants, which do not implicate any conduct by the Broe Defendants. (*Id.* at 6.) The plaintiffs' time to respond to this motion has elapsed, and they have not objected to the Broe Defendants' request.

For the reasons stated in the Broe Defendants' motion and brief, I find a stay and severance is warranted under Rules 21 and 42(b). Accordingly, the Broe Defendants' motion to stay and sever proceedings is hereby **GRANTED** and the plaintiffs' claims against Pat Broe and The Broe Companies, Inc are severed and stayed pending the entry of final judgment in this case.

**SO ORDERED** this 22nd day of October, 2014.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court